Ruffin, C. J.
The proofs satisfy the Court that the plaintiff is mistaken in the allegation of the Executor’s assent to the legacy, as respects the woman Susannah and her children. The Executor seems to have had little or nothing to do with the estate, and hardly any knowledge of *238 the administration, which was conducted by Orr, as his general agent for that purpose.. It is clear, that Orr never gave up his-hold on the slaves until by the defendant’s purchase the debts and charges were satisfied. There is no reason to doubt the fairness of the balance claimed by him, and the fairness of the defendant’s purchase. The late guardian of the defendant, Potts, settled the administration account, and advised the young man, that he had better purchase; and Mr. Weeks, who married the mother, and was, in her right, entitled to the slaves for life, if not needed for the payment of debts, readily gave up all claim, and on behalf of one of the children, for whom he was guardian, united with the two, who were of age, in making the purchase. An Executor has the legal title and the authority in law to sell slaves and other chattels of his testator, and, unless a purchaser knows that the sale is not made for the purposes of the estate, but mala fide, for the purposes of a devastavit, he gets a good title as well in this Court as at law, as there has been occasion to say in Wilson v. Doster at this term. But in this case there is not only nothing to impeach the purchase by the defendants, but they have supported it by affirmative proof ot the necessity for the sale, its openness and fairness, and the adequacy of the price. The .plaintiff is, therefore, not entitled to relief, as to any of the slaves, except Peter; and he must pay the cost up to this time; and as to Peter, there must be the usual decree for a sale for the purpose of partition, and a declaration that the plaintiff is entitled to one fifth of the proceeds of the sale and also of his hire and profits since the' death of the tenant for life.
Per Curiam. Decree accordingly.